**United States District Court**
**Southern District of New York**
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

| | |
|---|---|
| **ANDRE A. JOHNSON,** | **10 Civ. 6309 (JGK)** |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| - against - | |
| **THE WESTCHESTER COUNTY DEPARTMENT OF CORRECTION MEDICAL DEPARTMENT, ET AL.,** | |
| Defendants. | |

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

**JOHN G. KOELTL, District Judge:**

The plaintiff filed a complaint pro se alleging a claim under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments. He listed as defendants the Westchester County Department of Correction ("WCDOC") Medical Department, Westchester County Jail ("the Jail"), Warden Anthony Amicucci, and Medical Liaison June Yozzo. He subsequently filed a letter alleging harassment in retaliation for filing that complaint. He has also moved for the appointment of counsel. The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal

quotation marks omitted). "Even in a pro se case, however, . . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Benavides v. Grier, No. 09 Civ. 8600, 2011 WL 43521, at *1 (S.D.N.Y. Jan. 6, 2011).

**II.**

On July 30, 2010, the plaintiff filed his complaint against the defendants. The plaintiff alleges that, beginning on or about June 22, 2010, he was bitten by ticks over a nine-day period while a detainee at the Jail. (Pl.'s Aff. in Support of Civil Rights Act 42 U.S.C. § 1983 ("Pl.'s Aff.") ¶¶ 1, 12.) He claims that he "filed an inmate[] grievance and was informed by a Correctional Officer . . . that there is nothing that will be done about the matter." (Id. ¶ 3.) He alleges that he "requested that he have blood work taken at the Westchester Medical Center, to make sure that [he] had not been infected" by the tick bites. (Id. ¶ 13.) This request was allegedly denied. (Id. ¶ 14.) He alleges that he also filed complaints with the Warden's office and "followed all Rules and [Procedures]." (Id.

3

¶ 5.)  He alleges that, although the "[r]espondent ordered the medical department to see plaintiff and to take the [b]lood work he requested, again medical refused to see plaintiff."  (Id. ¶ 8.)  These conditions, the plaintiff claims, caused a life-threatening illness.  (Id. ¶ 16.)

In a letter filed August 31, 2010, the plaintiff claimed that Assistant Warden Vollmer entered his cell on or about August 27, 2010, searched the plaintiff's cell, and took legal papers pertaining to this case, two Ace bandages, and two rubber grips.  (Pl.'s Aug. 31, 2010 Ltr. ("Pl.'s Ltr.") at 1.)  The plaintiff said that he did not receive a list of the items confiscated.  (Id.)  The plaintiff captioned the letter "HARASSMENT IN REPRISAL FOR THE FILING OF CIVIL ACTION AGAINST W.C.D.O.C. 10 Civ 6309," although he did not otherwise indicate in the letter that he believes the actions to be retaliatory.  (Id.)

### III.

The defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  They argued that the plaintiff failed to allege (a) exhaustion of the WCDOC's grievance procedures as required by 42 U.S.C. § 1997e(a); (b) personal involvement on the part of the individual defendants; and (c) the existence of a municipal policy or practice that caused his alleged injury.

4

**A.**

The defendants first argue that the plaintiff did not comply with the WCDOC's grievance procedures and that this action is therefore barred under § 1997e(a). That provision provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Failure to exhaust "is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). Dismissal under Rule 12(b)(6) for non-exhaustion is appropriate only if a plaintiff's failure to exhaust is evident on the face of the complaint. Id. at 215; see also, e.g., Smalls v. Jummonte, No. 08 Civ. 4367, 2010 WL 3291587, at *2 (S.D.N.Y. Aug. 13, 2010) ("Plaintiff was not required to plead or demonstrate his exhaustion of the DOC's established grievance procedure in his Complaint before this Court, and the fact that he did not plead exhaustion does not prove that he failed to exhaust.").

In this case, the plaintiff's complaint does not establish that he failed to comply with the WCDOC's grievance procedures. The only specific factual allegation as to how the plaintiff

5

pursued his grievance prior to the filing of suit is a claim that the plaintiff "filed a complaint within the office of the Warden." (Pl.'s Aff. ¶ 4.)  Otherwise, the complaint only conclusorily states that the "Plaintiff has followed all Rules and [Procedures].  The inmate Grievance within this facility fails to maintain an adequate grievance system." (Id. ¶ 5.)  The complaint may lack specifics as to how the plaintiff grieved his claim, but that is not a valid basis for dismissal under Jones.[1]

**B.**

The defendants next argue that the plaintiff failed to allege personal involvement on the part of the individual defendants, Amicucci and Yozzo.

To plead an Eighth or Fourteenth Amendment[2] violation arising out of inadequate medical care, a plaintiff must allege (a) an "actual[ ] depriv[ation] of adequate medical care" that

---

[1] The defendants submitted exhibits purporting to detail the relevant grievance procedures and to demonstrate the plaintiff's awareness of those procedures.  The Court cannot consider those exhibits without converting the motion to dismiss into a motion for summary judgment, which the Court declines to do.  See Krijn v. Pogue Simone Real Estate Co., 896 F.2d 687, 689 (2d Cir. 1990).  Moreover, the exhibits would establish not that the plaintiff failed to exhaust the applicable grievance procedures, but only what those procedures are.  The defendants proffered no evidence going to how the plaintiff actually used or failed to use those procedures.

[2] The plaintiff has not stated whether he is a convicted prisoner, in which case his claims are analyzed under the Eighth Amendment, or a pretrial detainee in state custody, in which case his claims are analyzed under the Due Process Clause of the Fourteenth Amendment.  See Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009).  In either case, the standards to be applied are identical.  Id. at 72.

6

is "sufficiently serious" and (b) that the charged defendant "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). It is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotation marks omitted).

As the defendants argue, the plaintiff has not alleged the personal involvement of either Amicucci or Yozzo. There is no allegation that either individual defendant knew of the plaintiff's situation, let alone of a substantial risk of serious inmate harm, or that either acted or failed to act in relation to the plaintiff. Although the plaintiff alleges that he filed a grievance with the Warden's office and that the medical department refused to treat him, neither allegation is connected to Amicucci or Yozzo. Accordingly, the plaintiff has failed to state a claim against these defendants.[3]

## c.

The defendants also argue that the plaintiff failed to allege a municipal policy or custom that led to the alleged

---

[3] To the extent that the plaintiff intends to raise a claim against Vollmer for the harassment alleged in his letter, he will need to add Vollmer as a defendant. The Court does not comment on the merits of any such claim.

7

constitutional violation, and that claims against the WCDOC Medical Department and the Jail should also be dismissed.[4]

"[M]unicipalities may be sued directly under § 1983 for constitutional deprivations inflicted upon private individuals pursuant to governmental custom, policy, ordinance, regulation, or decision." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)). Municipalities are not subject to liability under theories of respondeat superior, but rather on the basis that their policies or customs "inflict[ed] the injury upon the plaintiff." Id. "To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Id.; see also Adams v. City of New York, No. 08 Civ. 5263, 2010 WL 743956, at *6 (S.D.N.Y. Mar. 2, 2010).

As the defendants argue, the plaintiff has failed to identify any policy or custom that could give rise to a claim for Monell liability under § 1983. Although the plaintiff claims that "this facility fails to maintain an adequate

---

[4] The plaintiff named the WCDOC Medical Department and the Jail as defendants. Although the defendants do not mention it in their motion to dismiss, these are not suable entities. See, e.g., Jones v. Westchester Cnty. Dep't of Corr. Med. Dep't, 557 F. Supp. 2d 408, 416 n.4 (S.D.N.Y. 2008). If the plaintiff files an amended complaint, he should replace these entities with Westchester County.

grievance system . . . .  [P]laintiff should be able to file a grievance in a secure and confidential manner and without threat of reprisal[]" (Pl.'s Aff. ¶¶ 5-6), he does so in a wholly conclusory manner that does not suffice to state a claim.  See Chavis, 618 F.3d at 170.  Moreover, while an inadequate grievance system may be the basis for excusing exhaustion, there is no indication how that system allegedly caused the alleged violation of the plaintiff's constitutional rights.  Without any factual allegations as to how an official policy, practice, or custom led to the injuries that the plaintiff alleges, his claims against any municipal entities must be dismissed.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is **granted** and the complaint is **dismissed**.[5]  Because a pro se plaintiff should be allowed to amend his complaint in response to a motion to dismiss, see Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999), the dismissal is without prejudice.  The plaintiff is granted leave to file amended complaint within 30 days.[6]  The plaintiff's motion for the

---

[5] "Plaintiff's failure to respond to the motion, communicate with this Court, or otherwise pursue this litigation is an independent ground to dismiss this case for failure to prosecute." Johnson v. City of New York, No. 06 Civ. 9426, 2011 WL 666161, at *5 n.11 (S.D.N.Y. Feb. 15, 2011).
[6] If the plaintiff does file an amended complaint, he may wish to consider adding more detail on the nature of the illness he suffered or fears suffering as a result of the alleged untreated tick bites.

9

appointment of counsel is **denied** as moot without prejudice to renewal if the plaintiff files an amended complaint.

The Clerk is directed to close all pending motions. The Clerk is directed to close this case subject to reopening if the plaintiff files an amended complaint within thirty days.

SO ORDERED.

Dated:   New York, New York
         July 18, 2011

                                          John G. Koeltl
                                          United States District Judge